No. 25,273.

MARY PETTY, *Appellant*, v. THE CITY OF CIMARRON, *Appellee*.

SYLLABUS BY THE COURT.

PERSONAL INJURIES—*Rope Stretched Across Street—Rope Struck by Automobile—Plaintiff Knocked Down—Rope Not Proximate Cause of Injuries.* A city stretched a rope across a street to exclude travel therefrom. A person attempted to cross the street near the rope. An automobile struck the rope and caused it to strike the person crossing the street and knock her down, thereby injuring her. *Held*, the city is not liable for the damages sustained by the person injured.

Appeal from Gray district court; LITTLETON M. DAY, judge. Opinion filed May 10, 1924. Affirmed.

*L. A. Madison* and *Carl Van Riper*, both of Dodge City, for the appellant.
*Elrick C. Cole, William Osmond, T. B. Kelley*, all of Great Bend, and *Harry Brice*, of Cimarron, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to recover $2,500 damages for personal injuries sustained by her in an accident on the streets of the city of Cimarron. She recovered judgment for $58.60 and appeals therefrom. The city does not appeal.

On May 30, 1922, the American Legion was preparing to hold a memorial service on the principal street in Cimarron. The Legion officers had requested that a portion of that street be set apart for the ceremonies to be observed. The mayor with some others stretched three-quarter-inch or inch ropes across the street for the purpose of preventing travel over a portion of it. Shortly after the ropes had been stretched across the street, the plaintiff started to walk across the street near one of the ropes. An automobile, driven by a tourist, ran into the rope and caused it to strike the plaintiff, knocking her down, from which she sustained the injuries complained of. The jury answered special questions as follows:

"1. Was the plaintiff injured on May 30th, 1922, in the City of Cimarron, Kansas? A. Yes.

"2. If you answer question No. 1 in the affirmative, then state whether such injury was caused through any negligence on the part of any person, and if so, what person or persons? A. Mayor.

"3. If you answer question No. 2 in the affirmative, then state in what the negligence of such person or persons consisted? A. Insufficient barrier.

"4. Was the plaintiff injured on May 30th, 1922, in the City of Cimarron,

Kansas, by being thrown to the ground by a rope which was placed across the public street in said city by or with the consent of the city authorities of said city? A. Yes.

"5. If you answer question No. 4 in the affirmative, then state for what purpose the rope was so placed across the street? A. To stop traffic on such part of street.

"6. If you answer that plaintiff was injured by being thrown to the ground by a rope stretched across the street, then state what caused the rope to throw her down? A. By being struck by car."

There was evidence which tended to show that the plaintiff sustained bruises, the fracture of ribs, and the possible fracture of a bone in one of her legs. She alleged in her petition that she had paid out $58.60 for the services of physicians. Her evidence tended to prove that she had paid approximately $45 for such services. There was no evidence which tended to prove that she had paid out $58.60 for that kind of service. The plaintiff filed a motion for a new trial which was overruled. The findings of the jury were not set aside. Her complaint is that the verdict was wholly inadequate.

The defendant contends that it is not liable because it was not negligence to stretch the ropes across the street and because the rope which struck her was not the proximate cause of the injury. The defendant argues that the proximate cause of the injury was the automobile striking the rope.

The plaintiff cites *Malchow v. City of Leoti*, 95 Kan. 787, 149 Pac. 687. The distinction between the present case and the one cited is that there the obstruction placed in the street was a merry-go-round with its appliances, and the merry-go-round caused the injury. Here, the rope was not the cause of the injury. The automobile caused it by striking the rope.

This case comes within the rule declared in *Railway Co. v. Columbia*, 65 Kan. 390, 69 Pac. 338, where this court said:

"In a case where two distinct, successive causes, wholly unrelated in operation, contribute toward the production of an accident resulting in injury and damage, one of such causes must be the proximate, and the other the remote, cause of the injury.

"A prior and remote cause cannot be made the basis of an action for the recovery of damages if such remote cause did nothing more than furnish the condition, or give rise to the occasion, by which the injury was made possible, if there intervened, between such prior or remote cause and the injury, a distinct, successive, unrelated and efficient cause of the injury." (Syl. ¶¶ 1, 2.)

This rule was followed in *Eberhardt v. Telephone Co.*, 91 Kan. 763, 139 Pac. 416, where the telephone company was held not liable

Petty v. City of Cimarron.

in an action to recover damages for injuries sustained by the plaintiff in coming in contact with a telephone guy wire extending into the highway, where the plaintiff was riding in a wagon drawn by a team of mules which became frightened and ran away and ran into the guy wire, thereby injuring the plaintiff.

The rule was followed again in *Simon v. Telephone Co.*, 97 Kan. 42, 154 Pac. 242, where the plaintiff sought to recover damages for the loss of a team of horses which was killed by electricity communicated to the horses by a telephone wire hung so that it sagged and communicated a shock of electricity to the horses while they were standing near a hedge fence for shelter during a storm.

It was followed on another occasion in *Norris v. Ross Township*, 98 Kan. 394, 161 Pac. 582, where the plaintiff sought to recover damages for injuries sustained by him caused by a horse which he was driving becoming frightened by the flapping of a buggy top, caused by the buggy being driven over a pile of dirt placed in the highway during repairs of a culvert thereon. Numerous other cases might be cited where the principle has been followed in this state.

The rope in itself was not dangerous. It was, and was intended to be, a warning to persons not to drive, or walk, into it. No one would have been injured by walking into it or against it. A careless automobile driver could run his automobile into the rope and cause injury to the automobile, but it is questionable whether or not he could recover damages therefor, because he could not run into it without negligence on his part, which negligence would necessarily have contributed to his injury. It was the automobile that injured the plaintiff, not the rope, although the automobile struck the rope and caused it to strike the plaintiff and knock her down. The rope produced the condition, as was said in the cases cited, but the automobile caused the injury. The automobile was the proximate cause of the injury. The plaintiff should not have recovered judgment against the city, but the city does not appeal. The judgment is affirmed.