Laming v. City of Tonganoxie *et al.*

---

No. 25,536.

J. C. Laming, doing business as J. C. Laming & Son, *Appellee*, v. The City of Tonganoxie and H. C. Botsford (H. C. Botsford, *Appellant*).

SYLLABUS BY THE COURT.

Negligence—*Blasting City Sewer by Independent Contractor—Team Frightened and Plate Glass Front Injured—Independent Contractor's Negligence the Proximate Cause of the Injury.* Noise of blasting for a city sewer frightened a team tethered to a near-by hitching rail, and caused the team to break loose, run away, and crash into the plate-glass front of a store. The circumstances were such that the person responsible for the team was not negligent, and the contractor doing the blasting was negligent. *Held*, the contractor's negligence was the proximate cause of the injury.

Appeal from Leavenworth district court; James H. Wendorff, judge. Opinion filed January 10, 1925. Affirmed.

*Arthur M. Jackson*, of Leavenworth, for the appellant.

*James B. Kelsey*, of Leavenworth, and *Harry B. Jenkins*, of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover damages resulting from negligent blasting done in the construction of a city sewer. The jury relieved the city of liability, on the ground that Botsford, who did the blasting, was an independent contractor, and returned a verdict against Botsford, who appeals. The question in the case is, what was the proximate cause of the injury?

Tom Holton drove a team of horses into Tonganoxie, delivered milk at a creamery, as he had done for years, tied the team, as he was in the habit of doing, to a hitching rail which had been standing in the street for five or ten years, and went to a barber shop. A sewer was under construction in an alley opening upon the street near the place where the team was tied. The earth formation was such that blasting was necessary. An explosion of dynamite, followed quickly by another, which made a tremendous noise and scattered debris on the roofs of buildings in the vicinity and across the street in which the team stood, frightened the team. The team broke loose, and ran diagonally across the street and into the plate-glass front of plaintiff's store. The jury found specially that Holton was not negligent, and found that Botsford was negligent, on abundant evidence and under correct instructions.

The team was quite similar to a projectile hurled through plaintiff's store front. What put the projectile in motion? The answer is, fright of the team which had the same effect as an explosive force behind an inanimate projectile. What caused the fright (explosion) which put the team (projectile) in motion? The answer to this question determines the case, and must be the inordinate noise of the blast set off by Botsford. Whether or not the blasts were negligently set off depended on a variety of circumstances, which need not be detailed. When that question was determined adversely to Botsford, it necessarily followed that his negligent production of the terrifying noise was the direct and proximate cause of plaintiff's injury.

Botsford cites a number of decisions of this court discussing the subject of proximate cause. It is not necessary to review them. One of them, however, is illustrative. A city stretched a rope across a street to exclude travel. An automobile struck the rope, and caused the rope to strike a pedestrian and injure him. It was held the automobile was the proximate cause of the injury. (*Petty*

*v. City of Cimarron,* 116 Kan. 141, 225 Pac. 1033.)  So here, noise of the blast (automobile) acting upon the team (rope) caused the team (rope) to strike the plaintiff's store front.

The case of *Stephenson v. Corder,* 71 Kan. 475, 80 Pac. 938, relied on by plaintiff, is directly in point.  A farmer hitched his team to a hitching rail in front of a store.  While the team was standing quietly a boy turning a "flip-flop" over the rail struck the nose of one of the horses with his foot, the team became frightened, broke loose, ran away, collided with a buggy, and caused serious injury to the occupant of the buggy.  It was held the striking of the horse's nose by the boy's foot was the proximate cause of the injury.

The jury found specially that the team ran away because it was frightened by the noise or sudden report of the blasts.  It is contended plaintiff pleaded that the team was frightened and ran away because debris was thrown up by the blasts, which fell upon and around the team.  There was an allegation, however, that due to its excited condition, caused by the "explosion," the team ran away, and instructions given the jury at the request of defendants recognized noise of the blasts as cause of the team's fright.  A contention that, if the city was not liable, as the jury found, Botsford could not be liable, is unsound, first, because of submission to the jury of the question whether Botsford was an independent contractor, and second, because Botsford, the actor whom the jury found to be negligent, may not complain that his negligence was not carried over against the city.

The judgment of the district court is affirmed.