338

No. 35,740

EDWARD T. GIBSON, *Appellee,* v. LAVINA M. BODLEY and CLAYTON BODLEY, *Appellants* (T. F. FANSHER et al., *Defendants*).

No. 35,741

SYBIL GIBSON, *Appellee,* v. LAVINA M. BODLEY and CLAYTON BODLEY, *Appellants* (T. F. FANSHER et al., *Defendants*).

(133 P. 2d 112)

Opinion filed January 23, 1943.

*Thomas M. Van Cleave,* of Kansas City, argued the cause, and *Edwin S. McAnany, J. H. Brady,* both of Kansas City, and *Clayton Brenner,* of Olathe, were on the briefs for the appellants.

*Howard E. Payne,* of Olathe, and *Harry B. Jenkins,* of Kansas City, Mo., were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: Two actions were instituted to recover damages alleged to have resulted from collisions with two automobiles. One case (No. 35,740) was brought by Edward T. Gibson, the driver of his car. The other action (No. 35,741) was instituted by Sybil Gibson, an occupant of the Edward T. Gibson car. Both actions were against the same defendants, to wit: Clayton Bodley and Lavina M. Bodley, who were occupants of the car involved in the first collision, and against Joyce Hall and his alleged agent, Fansher, the latter being the driver of the car involved in the second collision.

Motions of the defendant Bodleys to make the respective amended petitions definite and certain and to strike portions thereof were overruled. Demurrers by the same defendants to the amended petitions were also later overruled. It is from those adverse rulings that the defendant Bodleys appeal. Whether the other defendants filed any motions, demurrers or pleadings we are not advised. At any rate, only the defendant Bodleys have appealed.

We are advised the amended petitions in the respective cases, insofar as here material, were essentially the same and that a review of the ruling on the motion and demurrer in case No. 35,740 will determine the correctness of the ruling on the same motion and demurrer in case No. 35,741. Upon request the cases have, therefore, been consolidated on appeal. Only the amended petition, motion and demurrer in case No. 35,740, that being the Edward T. Gibson case, have been abstracted. We shall direct our attention to such portions of that amended petition as are necessary to rule upon appellants' contentions. In order to properly understand appellants' contentions with respect to the motions and the two grounds of their demurrer it will be necessary to quote or set forth the substance of various portions of the amended petition somewhat at length. The demurrer challenged the sufficiency of the amended petition to state a cause of action against appellants and charged that two alleged causes of action were improperly joined.

Paragraph two of the amended petition alleged:

"That on September 13, 1940, at or about five o'clock p. m., this plaintiff was driving his Oldsmobile sedan westward towards Lawrence, Kansas, on highway No. 10, at a point about five miles west of Eudora, Kansas, and was exercising ordinary care for his own safety; that his car was being operated in a careful and prudent manner at a speed that was reasonable and prudent, to wit: 45 miles per hour, having regard for the traffic and use of the road and the conditions then existing, and in the north lane provided for west-bound traffic and north of the center line of said highway, which is a concrete slab approximately twenty feet (20') wide."

Insofar as now important it is necessary to state only that paragraph three alleged the defendant Bodleys were traveling eastward on the same highway.

In paragraph four it was in substance alleged: The defendant Bodleys carelessly and negligently drove their car at a speed greater than was reasonable and prudent under the conditions then existing, to wit, fifty miles per hour; that while approaching the automobile of plaintiff, the defendant Bodleys carelessly and negligently failed to exercise ordinary care and suddenly swerved and drove their car across and north of the center of the highway and directly into the left side of plaintiff's car, causing it to be thrown across the highway headed south; defendant sounded no warning and gave no signal of their intention to cross over and to strike plaintiff's car; defendants failed to diminish the speed of their car *when the special hazard existed; that the oncoming car of plaintiff created a special hazard, at said time and place and under the conditions then existing.* (Emphasis supplied.) Paragraph five alleged:

"Plaintiff further alleges that the defendants, Bodleys, knew, or by the exercise of ordinary care could, would and should have known, that plaintiff was in a place and position of imminent danger and inescapable peril from the aforesaid careless and negligent approach and movement of defendants', Bodleys', automobile and, by the exercise of ordinary care, plaintiff could not escape a collision and injuries, in time thereafter, by the exercise of ordinary care and by the use of the means at hand and with safety to defendants' automobile, to have slackened the speed of said automobile or to stop the same or turn the same aside, all in time, by the exercise of ordinary care, to have prevented said collision and the resulting injuries to this plaintiff, all of which defendants, Bodleys, negligently and carelessly failed and omitted to do."

Paragraph six in substance alleges: Plaintiff's car, as a result of the collision with the Bodley car, was thrown across the highway headed south; the Bodley car had been thrown to the south side of

the slab; after plaintiff's car had come to a stop but before plaintiff could remove himself therefrom, a car driven by the defendant Fansher, agent, servant and employee of the defendant, Joyce Hall, carelessly and negligently came eastward toward the plaintiff's car at a high rate of speed between 70 and 80 miles per hour; plaintiff's car was and should have been plainly visible to Fansher; Fansher carelessly and negligently attempted to pass around and between the Bodley and Gibson cars and collided with the right side of plaintiff's car after it already had been wrecked upon being struck by the Bodley car; the Fansher car was negligently driven to the left of the center of the road in a northeasterly direction, causing the plaintiff's car to be violently hurled and thrown.

Paragraph seven charged all defendants (including Fansher) with negligent operation of their respective cars, under the aforesaid conditions and *when a special hazard existed.* It alleged the injuries resulted to plaintiff by reason of the negligence of all of the defendants.

In paragraph nine the defendant, Fansher, is further charged with failure to exercise ordinary care when by the exercise of such care he could and would have known plaintiff was in a position of imminent danger and inescapable peril from which, by the exercise of ordinary care, he could not extricate himself in time. In the same paragraph plaintiff further alleged acts which the defendant Fansher failed to perform in order to avoid the second collision.

In paragraph ten it is alleged:

"Plaintiff further states that as a direct and proximate result of the carelessness and negligence of the defendants, and each of them, as aforesaid, acting jointly and concurrently, as hereinbefore stated, and each concurring with the other, he sustained the following severe, painful and permanent injuries."

Appellants' motion to make definite and certain and to strike certain portions of the amended petition consisted of thirteen paragraphs. Appellants now virtually concede the ruling on various portions of the motion are not reviewable and in their brief argue only the rulings on particular portions of their motion which they contend are reviewable. We shall, therefore, direct the opinion to the contentions contained in their brief. Before we refer to the details of their motion it will be well to observe certain well-established rules which ordinarily apply to the right of review of rulings on certain motions. We shall next determine whether the ordinary rule should be applied in the instant case. In *Nelson v. Schippel,*

143 Kan. 546, 56 P. 2d 469, and in numerous previous decisions therein cited, it was held:

"Motions to strike, to make definite and certain, and to separately state and number, rest in the sound discretion of the trial court, and from rulings thereon an appeal does not ordinarily lie. Unless it appears the ruling prejudiced or will prejudice the substantial rights of a party it will not be reversed. Unless it appears the ruling affects a substantial right and in effect determines the action it is not appealable." (Syl. ¶ 1.)

See, also, *Hasty v. Bays,* 145 Kan. 463, 66 P. 2d 265.

In appellants' motion they first asked that plaintiff be required to state the facts, in paragraph four, by which it was claimed the oncoming car of plaintiff created a *special hazard.* The motion was overruled. They then asked that the italicized words in paragraph four be stricken. The motion was overruled. Appellants also asked that the words "and when a special hazard existed," contained in paragraph seven of the amended petition, be stricken. The motion was overruled. The motion to strike the quoted phrase in paragraph seven was based upon the theory it constituted conclusions and was inconsistent with other averments contained in the amended petition. We fail to understand the significance of the challanged words contained in paragraph four, insofar as the collision between the plaintiff and defendant Bodleys' car is concerned unless they were intended as preliminary to the plea of the doctrine of last clear chance in paragraph five. Paragraph five, even if considered in conjunction with paragraph four, fails to state facts under which the doctrine of last clear chance could be invoked by plaintiff against the Bodleys. The last clear chance doctrine is a rule of law and in order to invoke it the allegations of the pleading must make it applicable when the pleading is challenged by demurrer.

In *Goodman v. Kansas City, M. & S. Rld. Co.,* 137 Kan. 508, 21 P. 2d 322, it was said:

"The doctrine of the last clear chance, as set forth in the authorities cited, may be said to be made up of the following elements: (1) Plaintiff, by his negligence, placed himself in a position of danger; (2) that his negligence had ceased; (3) that defendant seeing plaintiff in a position of danger, or by the exercise of due care should have seen him in such position, by exercising due care on his part had a clear chance to avoid injuring plaintiff; (4) that defendant failed to exercise such due care, and (5) as a result of such failure plaintiff was injured." (p. 512.)

See, also, *Turner v. George Rushton Baking Co.,* 135 Kan. 484, 488, 11 P. 2d 746; *Leinbach v. Pickwick-Greyhound Lines,* 138 Kan. 50, 23 P. 2d 449; *Restatement, Torts,* § 479.

Paragraph five is not well drawn and is confusing. At any rate it is clear that neither elements (1) nor (2) of the last-clear-chance doctrine are alleged in paragraph four or five to which the motion of appellants was directed. The motion to make definite and certain specifically asks that plaintiff be required to state the facts from which it was claimed a special hazard was created. It was then moved that the words in paragraph four, "when the special hazard existed," be stricken. The defendant Bodleys then moved that paragraph five be stricken. All these motions were successfully resisted by appellee. One ground of the Bodley demurrer was that the amended petition did not state a cause of action against appellants. The demurrer was overruled in its entirety, which included the contention the amended petition did not state a cause of action against appellants under the last-clear-chance doctrine. The petition did state a cause of action on a primary ground of negligence when it alleged the Bodley car swerved across the center of the highway and into plaintiff's car which was alleged to be traveling westward on the north and proper side of the highway, but it did not state a cause of action against appellants on the theory of last clear chance, which theory previously had been expressly challenged by appropriate motions. Under these particular circumstances, was the ruling on the motions reviewable in connection with an appeal from the ruling on the demurrer? In *Lofland v. Croman,* 152 Kan. 312, 103 P. 2d 772, and numerous cases therein cited, it was held:

"After a proper motion to make material allegations of a petition definite and certain has been overruled, such pleading cannot, in respect to such allegations, be upheld against a general demurrer unless it fairly states a cause of action upon some definite theory without resort to inferences or the construction of doubtful language." (Syl. ¶ 3.)

In *Mead v. City of Coffeyville,* 152 Kan. 799, 107 P. 2d 711, it was held:

"While a ruling on a motion to make a pleading definite and certain is not ordinarily an appealable order, the propriety of the order overruling the motion will be considered on review of an order overruling a general demurrer to the same pleading.

"Where a petition is properly attacked, at least in part and as to some material portion, by motion to make definite and certain, which is successfully resisted by plaintiff, the petition is thereafter subject to critical analysis and is strictly construed against plaintiff when challenged by general demurrer." (Syl. ¶¶ 1, 2.)

In the instant case the allegations of paragraph five, or four and five combined, were insufficient to state a cause of action against

appellants on the theory of last clear chance even if liberally construed in favor of the pleader. We think the motion to make the italicized portion of paragraph four definite and certain should have been sustained and, having been overruled, the motion to strike that portion thereof should have been sustained. In view of what has been said it also follows the motion to strike, or the demurrer, should have been sustained as to paragraph five of the amended petition.

The challenged words of paragraph seven, to wit: "when a special hazard existed," likewise should have been stricken insofar as they refer to appellants.

From what we have said it must not be inferred that negligence under the doctrine of last clear chance could not have been charged against appellants in the amended petition if appropriate facts had been stated to properly invoke that doctrine. (*Turner v. George Rushton Baking Co.*, supra.)

Appellants further earnestly contend there was an improper joinder of causes of actions and demurrer should have been sustained upon that ground. The contention is based upon the theory two separate and distinct collisions (torts) were pleaded which constitute separate, distinct and unrelated acts of the drivers of two separate cars, to wit: the Bodley and Fansher cars. Appellants also insist the petition does not allege the collision with the Bodley car resulted in any damage to appellees. The statement is factually incorrect. Paragraph six alleged plaintiff's car was wrecked by the collision with the Bodley car before it was struck by the Fansher car. Reference to paragraph ten previously set out, discloses it was alleged the *injuries* suffered resulted from the joint and concurrent negligence of each and all of the defendants "as aforesaid," and as "hereinbefore stated."

The amended petition did not allege the extent of the personal injuries and damage resulting to appellees from each separate collision. Had the injuries and the damage resulting from the separate tortious acts been ascertainable and had they been so pleaded we might have a different problem presented than is now presented on the demurrer to the instant petition. We are now concerned only with the specific allegations of the petition before us which in substance alleges the injuries were occasioned by the concurrent negligent acts of the defendants as therein described. On a demurrer those facts are conceded to be true. In paragraph ten it is in sub-

stance alleged the Fansher car struck appellees' car after the latter car had come to a stop but before appellees, in the exercise of ordinary care, could escape injury resulting from each separate collision. It is common knowledge the full extent of injuries resulting from a single collision frequently are not definitely ascertainable until considerably later.

In support of appellants' contention of misjoinder they rely principally upon the following decisions dealing with proximate and remote causes of damage. (*Railway Co. v. Columbia*, 65 Kan. 390, 69 Pac. 338; *Stephenson v. Corder*, 71 Kan. 475, 80 Pac. 938; *Railroad Co. v. Justice*, 80 Kan. 10, 101 Pac. 469; *Petty v. City of Cimarron*, 116 Kan. 141, 225 Pac. 1033; *Smith v. Mead Construction Co.*, 129 Kan. 229, 282 Pac. 708.) The decisions are not controlling here. The doctrine of proximate cause does not apply as between an innocent third party and joint tortfeasors where the negligent acts of the respective tortfeasors were substantially concurrent or successive and the negligence of each of them contributed directly to produce the injury, without the occurrence of any new and independent force or intervening efficient cause to break the connection between such acts. In *Tilden v. Ash*, 145 Kan. 909, 67 P. 2d 614, in which two defendant drivers of motor vehicles were sued for damages resulting from a collision at an intersection, it was not contended the causes of action were improperly joined but it was stoutly argued by each defendant that the proximate cause of the injury was the negligence of the other defendant. The same contention was made in *Taggart v. Yellow Cab Co.*, ante p. 88, 131 P. 2d 924, decided December 12, 1942, under somewhat different circumstances, but where concurrent negligence of joint tortfeasors was also involved.

In the Tilden case we held:

"Substantially concurrent negligent acts of two or more persons render all liable as joint tortfeasors where the act or acts of each contribute to the injury. In such circumstances the degree of culpability of each is immaterial and each is liable for the entire damage." (Syl. ¶ 2.)

In the Taggart case we likewise ruled:

"Where concurrent negligent acts of joint tortfeasors contribute to bring about injury to an innocent third party, the degree of their culpability is immaterial.

"Where injury to an innocent party would not have occurred, except for the concurrent negligence of others, the subject of proximate cause need not

be considered; those whose acts united in producing the injury will be held jointly and severally liable to the injured party." (Syl. ¶¶ 5, 6.)

See, also, *Neiswender v. Shawnee County Comm'rs,* 151 Kan. 574, 101 P. 2d 226.

The subject of concurrent or successive negligent acts of joint tortfeasors in automobile cases, under circumstances substantially the same as those in the instant case, has received the critical attention and analysis of courts in various jurisdictions. It is true there is not complete harmony in the decisions. The great weight of authority, however, permits the joinder of causes of action under the same or similar circumstances as those here pleaded. (*Floun v. Birger,* [Mo. App.] 296 S. W. 203; *Mason v. Reynolds,* 135 Neb. 773, 284 N. W. 257; *Berryman v. Motorbus Co.,* 228 Mo. App. 1032.)

In the Floun case it was held:

"Where boy when crossing street was struck by automobile and knocked prostrate, and while in such position, and without occurrence of any new and independent force or intervening efficient cause to break connection between original wrong and injury, he was struck by a second automobile, so that both negligent acts concurred to produce final and complete result, he was entitled to proceed against both tortfeasors, if he so desired, and hence motion requiring him to elect was properly overruled." (Headnote 3.)

In the Berryman case it was held:

"Where plaintiff was injured when struck by a motorbus and while arising from where he had been knocked was struck by a street car, and plaintiff being unconscious was not able to state which injuries were inflicted by the motorbus and which by the street car, each defendant is liable for the entire damage." (Syl. ¶ 3.)

In 38 Am. Jur., Negligence, § 257, it is said:

"According to the great weight of authority, where the concurrent or successive negligent acts or omissions of two or more persons, although acting independently of each other, are, in combination, the direct and proximate cause of a single injury to a third person, and it is impossible to determine in what proportion each contributed to the injury, either is responsible for the whole injury, even though his act alone might not have caused the entire injury, or the same damage might have resulted from the act of the other tortfeasor, and the injured person may at his option or election institute suit for the resulting damages against any one or more of such tortfeasors separately, or against any number or all of them jointly." (p. 946.)

See, also, Restatement, Torts, § 879 and illustration No. 2; 1 Cooley, Torts, 3d ed., 247; 1 Thompson on Negligence, 2d ed., § 75; Anno. 16 A. L. R. 465.

In some states the right to join causes of action such as the instant ones seems to have been denied upon the theory the separate collisions, or tortious acts, did not constitute a single injury. (*Young v. Dille,* 127 Wash. 398, 220 Pac. 782; *Leishman v. Brady,* 9 W. W. Harr. [39 Del.] 559, 3 Atl. 2d 118; *La Bella v. Brown et al.,* 103 N. J. L. 491, 133 Atl. 82.) This list of cases is not intended to be complete. From these decisions it will be observed that if the test of joinder is that the injury must be single, then there could never be a joinder of actions against joint tortfeasors where the several negligent acts were successive although each negligent act, without any independent force or intervening efficient cause to break the connection between the successive acts, contributed directly and substantially to produce the final and complete result. Under such a rule it necessarily follows the tortious acts would need to occur absolutely simultaneously in order to constitute a single injury. Assuming the tortious acts were absolutely simultaneous, how could it even then be determined with any reasonable degree of accuracy what injury, or injuries, were caused by each separate wrongful act? Under such a rule it also is held to be immaterial that the injuries resulting from the successive acts are indivisible and that it is impossible to apportion the assessment of damages. (*La Bella v. Brown,* and *Young v. Dille,* both *supra.*) Such is not the rule in this state. In due deference to courts which adhere to it we do not desire to follow it. It does not conform to the weight of authority nor to what we conceive to be the more practical and the sounder doctrine.

The order overruling that part of the demurrer which alleged misjoinder of causes of action is affirmed. The ruling on the motion to strike and the ruling on the general demurrer to the amended petition is reversed as to the particulars heretofore indicated and the action is remanded to the district court with directions to make the amended petition conform to the views herein expressed. It is so ordered.

PARKER, J., not participating.