No. 36,071

IRA JONES and ALMA JONES, *Appellants*, v. THE KANSAS CITY PUBLIC SERVICE COMPANY, *Appellee*.

(147 P. 2d 723)

Opinion filed April 8, 1944.

A. J. *Herrod,* of Kansas City, was on the briefs for the appellants.

*Edwin S. McAnany, Thomas M. Van Cleave,* both of Kansas City, and *Charles L. Carr,* of Kansas City, Mo., were on the briefs for the appellee.

The opinion of the court was delivered by

HOCH, J.: This was an action to recover damages for wrongful death. The defendants were a truck driver, his employers, and a streetcar company. The streetcar company demurred to the petition on the ground that it did not state a cause of action against it. The demurrer was sustained and from that order the plaintiffs appealed.

Appellants, Ira Jones and Alma Jones, his wife, residents of Kansas City, Kan., alleged that their son, Billy Wayne Jones, a boy nine years old, was killed as the result of joint and concurring acts of negligence of a truck driver and the motorman on a streetcar of the appellee, the Kansas City Public Service Company. Briefly, they alleged that Billy and his mother became passengers on one of the company's streetcars in Kansas City on the afternoon of June 19, 1943; that as the car neared their destination the mother pushed the button for a stop and that the car stopped at the regular stopping place near Southwest boulevard and 8th street; that the mother alighted from the rear end of the car but before Billy could alight the doors suddenly closed, preventing his alighting; that the streetcar proceeded on its way; that notwithstanding another passenger informed the operator of the car that Billy had been prevented from alighting, the car continued about one block farther west to the next intersection; that thereupon the rear doors were opened and Billy alighted, walked around the rear end of the car and while crossing the street was struck by a truck which was coming from the west, and fatally injured.

It is not necessary to narrate the alleged acts of negligence on the part of the truck driver. The alleged acts of negligence by the streetcar operator were:

"(A) In closing the doors of said street-car before Billy Wayne Jones had alighted from said streetcar.

"(B) In closing the doors of said streetcar and starting said car after plaintiff, Alma Jones, had alighted therefrom and before Billy Wayne Jones had alighted therefrom, thereby separating Billy Wayne Jones from his mother, depriving her of the opportunity to protect him from danger.

"(C) In permitting Billy Wayne Jones to alight from said streetcar after

the same had been stopped in front of 1600 Southwest boulevard without affording him aid in reaching a place of safety after alighting from said streetcar.

"(D) In permitting said Billy Wayne Jones to alight from said streetcar and go around the rear end of said streetcar into the path of said truck, when said operator knew or by the exercise of reasonable care and diligence should have known of the approach of said truck and that it would pass said streetcar while Billy Wayne Jones was crossing from the north to the south side of Southwest boulevard.

"(E) In remaining in the front end of said street car while said Billy Wayne Jones was alighting from said street car and into said Southwest boulevard without ascertaining that it was safe for Billy Wayne Jones to cross said street.

"(F) In failing to conduct said Billy Wayne Jones to a place of safety after said operator knew he had caused said Billy Wayne Jones to be separated from his mother and transported farther than the said Billy Wayne Jones and his mother desired him to be transported."

As far as we are advised, there was no demurrer by the truck driver and the case as to him and his employer is still pending. The only question here is whether, under the above allegations, the streetcar company could be held liable.

Liability in tort may flow from joint and concurring acts of negligence on the part of two or more persons. But in order to establish liability on the part of all the tort-feasors it must appear that their various acts of negligence combined to produce a result and were together the proximate cause of the injury. (*Neiswender v. Shawnee County Comm'rs,* 151 Kan. 574, 577, 101 P. 2d 226, and authorities there cited; *Taggart v. Yellow Cab Co. of Wichita,* 156 Kan. 88, 96, 131 P. 2d 924.)

Simply stated, the question is whether the accident followed in a causal chain of circumstances and as such a natural and probable result of the motorman's alleged acts of negligence that an ordinarily intelligent and prudent person should be charged with foreseeing it. Ordinarily, questions of negligence, including proximate cause, are for the jury. But where the facts are undisputed it is the province of the court to say, as a matter of law, whether upon the facts viewed most favorably to the plaintiff, actionable negligence can be inferred. (*Hickey v. Fox-Ozark Theatres Corp.,* 156 Kan. 137, 142, 131 P. 2d 671; *Grieving v. La Plante,* 156 Kan. 196, 199, 131 P. 2d 898.) The case being here on demurrer we accept as true all facts well pleaded in the petition.

It must be noted at the outset that the boy was nine years old. We need not here determine whether the same conclusion would be

reached had he been considerably younger. But it is common knowledge that countless children no older than nine ride the streetcars unaccompanied by older persons. Many such children ride regularly, going to and from school, or for other purposes. We must also note other matters in connection with the petition. There was no allegation that the motorman knew that the boy was a son of the plaintiff or was being accompanied by her; or that from the front end of the car the motorman saw or could have seen that the boy was getting ready to alight with her; or that the place where the boy alighted was not a regular or safe stopping place. Nor was there any allegation that the boy was unaccustomed to riding the streetcar unaccompanied by an older person. Clearly the closing of the doors at the first stop before the boy alighted could not be said to be a proximate cause of the accident. Nor the carrying of the boy for another block, nor permitting him to alight on the north side of the street at a place not alleged to be unsafe or in any way a bad place to alight. Assuming that when the car was stopped where the boy did alight the motorman knew that his mother had been with him, what was then the motorman's duty? Should he have directed the boy to remain on the streetcar, or should he have gotten off the streetcar with the boy, found out where he was going and accompanied him, or sought to find some one to accompany him across the street or perhaps on to his home? Only upon some such theory would we be able to say that the tragic death of the boy when he was crossing the street was a natural result reasonably flowing from the alleged acts of negligence on the part of the motorman.

Our attention is called to various cases dealing with the subject of remote or proximate cause. No useful purpose would be served by recital of the facts and conclusions reached in these and other cases which might be selected from the countless number dealing with this familiar subject. Each case must be decided largely upon the special facts attending it and no magic formula has been devised for marking the line between proximate and remote consequences. (38 Am. Jur. 700, 701.) Suffice it to say that we would find little support in holding that a cause of action was stated by the allegations in this case. The overwhelming weight of authority is to the contrary. The very most that could be said in support of a causal relationship is that appellee's negligence was a remote cause of the accident. And that is not enough to establish liability. (38 Am. Jur. 703-706, 712; 45 C. J. 901 *et seq.; Grieving v. La Plante,*

supra, and authorities cited, p. 200; also, see cases cited 7 Kan. Digest, 627, 628.)

However deep their sympathy because of loss and sorrow such as that which befell the parents in this case, courts must adhere as best they can to guiding rules and principles which the long experience of mankind has shown to be conducive to the larger measure of orderly justice.

We find no error and the judgment is affirmed.