**BILLUPS et al. v. AMERICAN SURETY CO. et al.**

No. T–20.

United States District Court
D. Kansas.

Jan. 10, 1950.

Howard McCue (of McCue & McCue), and Baker & Doherty, Topeka, Kan., for plaintiffs.

Ralph Oman (of McClure, Webb & Oman), Topeka, Kan., for defendant American Surety Co.

Lillard, Eidson, Lewis & Porter, Topeka, Kan., for defendant Wilkening.

MELLOTT, District Judge.

The motion to remand requires interpretation of Title 28 U.S.C.A. § 1441(c),

shown in the margin.[1] The issue, succinctly stated, is whether a nonresident of Kansas, joined as a defendant with a resident of that state, may remove to this court, the complaint charging joint negligence of the two defendants but not identical acts of negligence.

Summarizing the facts pleaded, two vehicles, proceeding in the same direction along a public highway, collided, the second caroming to the left and into the pathway of a vehicle approaching from the opposite direction. It is charged that the collision occurred as the result of the negligence of the driver of the first vehicle in stopping it without signaling his intention to do so and notwithstanding the fact he knew the second truck was so close behind him that a collision would result. Also that the driver of the second car was following another vehicle too closely, drove his vehicle at such a speed it could not be controlled and drove it onto the left hand, or wrong, side of the pavement into plaintiffs' truck.

The Court of Appeals for this (the Tenth) Circuit seems not to have had the present question before it. Much that was said by the Court of Appeals for the Fifth Circuit in Bentley v. Halliburton Oil Well Cementing Co.,[2] however, seems to be apposite. It points out, as did Judge Ridge of the Western District of Missouri in Butler Mfg. Co. v. Wallace & Tiernan Sales Corp.[3] that a plaintiff has the right to select the forum; "to. elect whether to sue joint tort-feasors jointly or separately; and to prosecute his own suit in his own way to a final determination." Under the law of Kansas, as under the law of Missouri and of Texas referred to in the cited cases, "concurrent negligent acts of two or more parties render them liable as joint tort-feasors",[4] provided "their various acts of negligence combined to produce a result and were together the proximate cause of the injury."[5] The complaint in the instant case discloses that plaintiff relies upon the rules of law to which reference has been made. Applying the rationale of the Bentley and Butler Mfg. Co. cases, supra, the motion to remand should be granted.

Other cases tending to support the conclusion reached are set out in the margin.[6] Counsel for plaintiff will prepare an order remanding the instant case to the state court. Settle in accordance with the Rules of Civil Procedure, 28 U.S.C.A., and this court's Rules of Practice.

1. "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

2. 174 F.2d 788, 791.

3. D.C., 82 F.Supp. 635.

4. The quotation is syllabus No. 5 by the court in Acock v. Kansas City Power & Light Co., 135 Kan. 389, 10 P.2d 877, 878. See also cases therein cited. Cf. Mayhew v. DeCoursey, 135 Kan. 184, 187, 10 P.2d 10, Taggart v. Yellow Cab Co. of Wichita, 156 Kan. 88, 131 P.2d 924. For a case practically "on all fours" see Tilden v. Ash, 145 Kan. 909, 67 P.2d 614. See also Gibson v. Bodley, 156 Kan. 338, 133 P.2d 112.

5. Jones v. Kansas Public Service Co., 158 Kan. 367, 369, 147 P.2d 723, 725.

6. Thomas v. Thompson, D.C., 80 F.Supp. 225; English v. Atlantic Coast Line R. Co., D.C., 80 F.Supp. 681; Smith v. Waldemar et al., D.C., 85 F.Supp. 36; Robinson et al. v. Missouri Pacific Transp. Co., D.C., 85 F.Supp. 235.