**Robert ANDERSON, Plaintiff,**

v.

**UNION PACIFIC RAILROAD CO. and Sealright Oswego Falls, Inc., Defendants.**

**No. KC–1532.**

United States District Court
D. Kansas.

Jan. 4, 1962.

John K. Dear and Joseph T. Carey (of Carson & Dear), Kansas City, Kan., for plaintiff.

N. E. Snyder, Kansas City, Kan., and O. B. Eidson (of Lillard, Eidson, Lewis & Porter), Topeka, Kan., for defendant Union Pacific Railroad Company.

Willard L. Phillips (of McAnany, Van Cleave & Phillips), Kansas City, Kan., for defendant Sealright Oswego Falls, Inc.

ARTHUR J. STANLEY, Jr., Chief Judge.

This is an action for injuries allegedly caused by the concurrent negligence of defendants. The liability of defendant, Union Pacific Railroad, is predicated on the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60. Liability of the other defendant, Sealright Oswego Falls, hereinafter called Sealright, is based on common law negligence. The case, filed originally in the state court, was removed to this court upon the petition of Sealright and is presently under advisement on plaintiff's motion to remand to the state court.

As authority for removal, defendants rely upon § 1441(c) of Title 28:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein * * *."

The claim against Union Pacific is not removable because 28 U.S.C. § 1445 prohibits removal of action arising under the F.E.L.A. The claim against Sealright is said to be removable because of diversity of citizenship.

It is plaintiff's position that § 1441(c) is not applicable because the claims or causes of action are not separate and independent. It may be of help in understanding § 1441(c) to look briefly at its history. Prior to 1948, a "separable controversy" was grounds for removal.

Courts experienced much difficulty in construing the term. The section was therefore amended to create a more workable test and further to restrict the scope of removable cases. Greenshields v. Warren Petroleum Corp., 248 F.2d 61 (10th Cir.), cert. denied 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 262 (1957). These purposes were sought to be accomplished by substituting "separate and independent claim or cause of action" for separable controversy.

■ A "claim" here means a statement of facts upon which a cause of action rests. American Fire & Cas. Co. v. Finn, 341 U.S. 6 note 5, 71 S.Ct. 534, 95 L.Ed. 702 (1951). An independent cause of action is one "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions * * *." American Fire & Cas. Co. v. Finn, supra, at 14, 71 S.Ct. at 540. The "single wrong" in the Finn case was failure to pay plaintiff for the loss of his property.

■■ Is plaintiff in the present case seeking relief for a single wrong? One factor bearing heavily on this question is the joint or several character of the claim, the determination of which is governed by local law. Bentley v. Halliburton Oil Well Cementing Co., 174 F.2d 788, 791 (5th Cir. 1949). In Kansas, concurrent negligent acts of two parties render them jointly liable if their acts were together the proximate cause of plaintiff's injury. Billups v. American Sur. Co., 87 F.Supp. 894, 895 (D.Kan. 1950), citing Jones v. Kansas City Pub. Serv. Co., 158 Kan. 367, 147 P.2d 723 (1944).

The complaint pleads concurrent negligent acts on the part of Sealright and Union Pacific. Under Kansas law, there is joint liability and the parties may be properly joined in an action; therefore, under the single wrong test, there is only one cause of action.

Sealright next argues, however, that since its alleged liability is at common law and Union Pacific's is statutory, the joint liability factor is negatived and the plaintiff states two independent causes of action. Defendant relies upon Pearce v. Pennsylvania R. R., 162 F.2d 524 (3d Cir.), cert. denied 332 U.S. 765, 68 S.Ct. 71, 92 L.Ed. 350 (1947), which held that an action under the common law of Pennsylvania could not be joined with an action under the F.E.L.A. because the former was a separate and distinct non-federal cause of action. The court was not applying tests applicable to § 1441(c). The case concerned original jurisdiction under 28 U.S.C. § 1331.

In Southern Ry. v. Miller, 217 U.S. 209, 215, 216, 30 S.Ct. 450, 54 L.Ed. 732 (1910), on the other hand, it was held that liability of one defendant under a statute and of another defendant under common law did not defeat a right to join defendants. The court found no "separable controversy." Since separable controversy is a broader term than independent cause of action, Greenshields v. Warren Petroleum Corp., supra, the Miller case, a fortiori, is applicable to § 1441(c) as amended.

Under the above authorities, I hold that the complaint in this case asserts only one claim or cause of action. The motion to remand will be granted.

Counsel will submit an order.