**WALLS, INC., Ridgewood Development, Inc., Tull, Inc., Gulf Insurance Company, and Employers Casualty Company, Plaintiffs,**

v.

**MARYLAND CASUALTY COMPANY, the Home Insurance Company, Roy C. Burton, Burton Boilers, Inc., and Kendall, Inc., Defendants.**

Civ. A. No. W-4352.

United States District Court, D. Kansas.

June 11, 1970.

Roger Sherwood, of Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, Kan. Robert L. Howard, of Foulston, Siefkin, Powers & Eberhardt, Wichita, Kan., for plaintiffs.

Clifford L. Malone, of Adams, Jones, Robinson & Manka, Wichita, Kan. Stephen J. Jones, of Hershberger, Patterson, Jones & Thompson, Wichita, Kan., for Maryland Cas.

Wm. A. Hensley, of McDonald, Tinker, Skaer, Quinn & Herrington, Wichita, Kan., for Kendall, Inc.

Fred A. Beaty, of Alkire, Clausing, Wichita, Kan., for Home Ins.

Paul M. Buchanan, of Weigand, Curfman, Brainerd, Harris & Kaufman, Coombs & Brick, Wichita, Kan., for Roy C. Burton & Burton Boilers.

## MEMORANDUM ON ORDER OF REMAND

### WESLEY E. BROWN, District Judge.

In this action plaintiffs seek to recover a total sum of $918,983.65, in losses allegedly suffered by reason of a fire which occurred on April 12, 1968 in the "Eastridge Shopping Center", Wichita, Kansas. The plaintiffs include the owner of the shopping center [Ridgewood Development, Inc., loss, $263,116.21]; tenants of Ridgewood [Walls, Inc., loss, $633,090.88; Tull, Inc., d/b/a Dowd's Cleaners, loss, $19,942.02]; and two insurors of tenants in the center who are subrogated to the rights of their insureds [Gulf Insurance Company, loss to tenant Grillott, $199.54; Employers Casualty Company, loss to tenant Farha, $2,635.00].

The case was removed from the District Court of Sedgwick County, Kansas by defendant Home Insurance Company under 28 U.S.C. § 1441(c) upon the ground that the petition contains separable controversies, stating two separate and independent causes of action—one in tort, and one upon the contract of insurance between Walls and Home Insurance Company. All of the plaintiffs have moved to remand the action to state court upon the ground that plaintiffs seek recovery of damages for a single injury, arising from an interlocked series of transactions and seek recovery against defendants jointly and severally.

Diverse citizenship between all parties on both sides is essential for removal of a case from state to federal court, except where there are separate and independent claims, or some improper joinder of a resident defendant to defeat jurisdiction, and no defendant may be a citizen of the state in which the action is brought. [28 U.S.C.A. § 1441(b).] [1]

When a separate and independent claim or cause of action is joined with one or more non-removable claims, the entire case may be removed, and the district court may determine all of the issues, or, in its discretion, may remand matters not otherwise within its original jurisdiction. [28 U.S.C.A. § 1441(c).] [2] Willoughby v. Sinclair Oil and Gas Company (10th Cir. 1951) 188 F.2d 902.

In the leading case of American Fire & Casualty Company v. Finn (1051) 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, the Supreme Court pointed out that "separable controversies" are no longer enough to establish jurisdiction on removal. In *Finn*, a Texas citizen brought suit against two foreign insurance companies, and their resident agent, also a cit-

---

1. *"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."* [Emphasis supplied.]

2. *"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."*

izen of Texas, claiming recovery for a fire loss. Recovery was sought in the alternative, on one or the other of the policies, or, as to the agent, for breach of his duty to keep the property insured. In arriving at its conclusion that the action was improperly removed, the Court noted that while recovery was sought in the alternative among three different defendants, upon separate theories, the damage resulted from one single wrong, the fire loss. The Court reviewed at length the purposes to be served by congressional amendment changing the measure from "separable controversies" to "separate and independent claim or cause of action":

> "A separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action. * * * Of course, 'separate cause of action' restricts removal more than a 'separable controversy.' In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies. The addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal" [341 U.S. 534, 71 S.Ct. 538, 95 L.Ed. 707.]

In defining the term "cause of action", the Court turned to its definition in Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 321, 47 S.Ct. 600, 71 L.Ed. 1069 [71 S. Ct. at 539, 95 L.Ed. at 708]:

> " 'Upon principle, it is perfectly plain that the respondent suffered but one actionable wrong and was entitled to but one recovery, whether his injury was due to one or the other of several distinct acts of alleged negligence or to a combination of some or all of them. In either view, there would be but a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex.
>
> " 'A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show.' "

The Complaint here alleges:

1. That the fire and losses were "directly caused by the negligence of the defendants, and each of them, in that, defendants Roy C. Burton and or Burton Boilers, Inc., and Kendall, Inc., negligently installed and/or serviced a boiler located on the Walls premises, and defendants Maryland and Home [Insurance] negligently failed to inspect, or inspected said boiler in a negligent manner and failed to discover and report its dangerous and defective condition;

2. That the defendants Maryland and Home Insurance companies issued policies covering Walls and the boiler, and undertook the duty to inspect the boiler and to report any dangerous and defective condition, owing to plaintiffs and the public generally a duty to discharge this obligation "with reasonable and proper care," and that breaches of such duties were direct causes of the fire and loss; and

3. That defendants "and each of them expressly and/or impliedly warranted that the installation, repair and servicing of the boiler and the inspection and reporting of conditions of the boiler * * * would be done and carried out in a safe and workmanlike manner and that the products and/or services sold or furnished by them were suitable for the uses and purposes intended," but that defendants breached such warranties, thereby causing the fire and losses in question.

Judgments are requested in favor of the respective plaintiffs, according to their separate losses, against the defendants, jointly and severally.

Since the decision in Finn, there have been but few instances in which courts have found separate and independent claims to exist for purposes of jurisdiction on removal. Cases denying or approving removal are collected at 1 Bar-

ron & Holtzoff, § 105, f. ns. 73.9–73.12, 73.13. This Court recently remanded a case for lack of jurisdiction under 28 U. S.C. § 1441(c). Ranger Insurance Company v. Delux Manufacturing Company, No. W–4080, 5/16/69, Unreported. That case involved the collapse and destruction of a grain dryer in Western Kansas during a windstorm, in which plaintiff sought recovery from multiple defendants for negligent design, installation, erection and construction of the equipment.

One of the few cases in which a separate and independent claim was designated as removable under § 1441(c) is the Tenth Circuit decision in Climax Chemical Company v. C. F. Braun & Co. (1966) 370 F.2d 616, cert. denied 386 U.S. 981, 87 S.Ct. 1287, 18 L.Ed.2d 231, which is relied upon by Home Insurance. In that case, a Delaware corporation, with its principal place of business in New Mexico, filed suit in a New Mexico state court claiming damages for the inoperative condition of a new salt cake and muriatic acid plant which had been designed, constructed and equipped by various defendants. Each defendant was charged with negligence in the performance of separate, independent contracts involving various portions of the overall plant—i. e., the reactor system, the conveyor system, the dryer heater, the rotary valves in the reactor, and the heating and evaporation equipment, and it was alleged that as a result of such negligence, the entire plant was inoperative.

In arriving at its determination that removal was proper, the Tenth Circuit distinguished the *Finn* ruling in the following manner, 370 F.2d at 618:

> "*In Finn there was one fire, and one single compensable loss. In the case at bar it is true that it is alleged that plaintiff's plant would not function, but in no real sense was this a single loss. The plant was composed of a number of separate units. * * * The liability of the defendants other than Braun was separate, distinct, and unrelated. With the exception of*

*Braun, no defendant assumed responsibility for other than its own unit, or was liable in any way for the failure of the others."*

Noting that Climax alleged that "all of the defendants are jointly and severally liable with the other defendants *or some of them.*" [Emphasis of the Court, 370 F.2d at 617.], the Court distinguished cases where one wrong was alleged and defendants were claimed to be either jointly liable for all the damages, liable in the alternative for all the damages, or liable for specified parts of the total damages.

After examination of the complaint in this action, the Court believes the factual situation more nearly approximates that in *Finn* and that *Climax* is not controlling. Here there was but one loss—destruction of personal property by reason of a fire which occurred on April 28, 1968. The petition effectively concentrates attention upon the alleged source of the fire, a boiler installed in the premises of one of the tenants, Walls, Inc., and it is alleged that that fire was "directly caused by the negligence of the defendants, and each of them," in negligently installing, servicing and inspecting the boiler, or by breach of implied warranties of fitness for use and safety. Home Insurance has offered a copy of its policy in support of its argument that its contract covered only "accidents" to the boiler, and thus views its situation as being solely between itself and its insured, Walls, involving the meaning of "accident". This is not the theory set out in plaintiff's petition. There it is alleged that Maryland Casualty and Home Insurance failed to discharge duties under their policies, requiring inspection and reporting of dangerous condition, "with reasonable and proper care".

In Kansas, concurrent negligent acts render co-defendants jointly liable if their acts were together the proximate cause of injury. Jones v. Kansas City Public Service Co. (1944) 158 Kan. 367, 147 P.2d 723. The fact that the alleged liability of one may arise from

common law, while that of another may arise from duties imposed by contract or statute will not affect the nature of the one cause of action, when it is alleged that the concurrent acts proximately caused the loss. Anderson v. Union Pacific Railroad Co. (D.C.Kan.1962) 200 F.Supp. 465. See also, Howard v. General Motors Corporation (N.D.Miss. 1968) 287 F.Supp. 646, and cf. Crosby v. Paul Hardeman, Inc. (8th Cir. 1969) 414 F.2d 1.

For the foregoing reasons, the Court concludes that Home Insurance Company has failed to establish the presence of a separate and independent claim or cause of action, which would be removable if sued upon alone, and this Court has no jurisdiction within the meaning of 28 U.S.C. § 1441(c). Accordingly,

Plaintiffs' Motion to Remand this Action to the District Court of Sedgwick County, Kansas, is sustained: and

It is ordered that the Clerk forward a copy of this Memorandum to all parties to the action, together with the Order of Remand filed herewith.