SCHELSKE, Respondent, v. SMITH, State Superintendent of Banks, Appellant.

WIEGER, Respondent, v. SMITH, State Superintendent of Banks, Appellant.

(226 N. W. 734.)

(File Nos. 6570, 6571. Opinion filed September 20, 1929.)

*T. B. Thorson,* of Pierre, *Roy E. Willy,* of Sioux Falls, *F. M. Scoblic,* of Tyndall, and *Orvis & French,* of Yankton, for Appellant.

*Miller & Shandorf,* of Mitchell, for Respondent.

BURCH, J. This is a consolidated appeal from judgments in separate actions. It is now before us on rehearing. The first opinion is reported in 222 N. W. 941, to which reference is made for the facts. The question argued on rehearing pertains to an election of remedies, which appellants contend bars this action. The question received scant attention in our former opinion, and, not being satisfied that our position was right, a rehearing was allowed.

Plaintiffs conveyed a farm in consideration of certain forged certificates of deposit, purporting to have been issued by the Security Bank of Tyndall, S. D. The certificates were forged and issued by the bank's cashier. Plaintiffs brought suit upon the certificates against the bank and Smith, superintendent of banks, who had charge of the bank for liquidation; the bank at that time being insolvent. In passing on the liability of the bank upon the forged certificates, this court held that the bank was liable to plaintiffs in tort for the fraud of its cashier, to the extent of any loss to plaintiffs occasioned thereby. While plaintiffs' action was in form a suit on the certificates, it was treated and allowed to proceed as an action for damages in tort. Before commencing this action plaintiffs commenced an action in equity to rescind the sale of the land, because of the fraud perpetrated by means of the certificates of deposit. It is claimed by appellants that the commencement of the action to rescind was an election, and a bar to this action. The action to rescind is still pending.

Appellants complain that in our former opinion we express the view that the doctrine of election of remedies does not apply, if the remedies are not against the same party. This they say it not the law. They contend that one will not be permitted to pursue inconsistent remedies against different persons. Without reviewing the authorities, it is conceded that separate actions against different persons cannot be maintained, where the maintenance of one necessitates the allegation of a fact or the assumption of a

position inconsistent with the maintenance of the other, and, having elected to proceed on one assumption, he cannot proceed on the other, even though against a different defendant. 20 C. J. 17, § 12, and cases therein cited. But the same section states the rule that the "doctrine of election of remedies cannot be applied between one of the parties to a contract and a third person, a stranger thereto, since it is applicable only to the parties to the contract." In Kuechle v. Springer, 145 Ill. App. 127, a party procuring a concellation of a deed for fraud was not precluded from maintaining a suit for deceit against a third party, who procured the execution of the deed. That case is quite similar to the case at bar in principle, and seems in point. The remedies sought are not in fact inconsistent.

In a note to Fowler v. Bowery Savings Bank, in 10 Am. St. Rep. 487, the doctrine of election of remedies is treated, and many authorities reviewed. Therein it is pointed out that actions may appear to be inconsistent, but not in fact so, as where a holder of a note proved it in bankruptcy and obtained a dividend, and afterwards maintained a suit for deceit in the negotiation of the note. McBean v. Fox, 1 Ill. App. 177. Both actions could be prosecuted to judgment and satisfaction. Another class appears where there is but one cause of action, "but in which different reliefs, which may be termed alternative, are recoverable." The author concludes: "It is possible to pursue these reliefs independently, even to judgment, although but a single satisfaction can be had." In either of the above-mentioned classes of action, there is, of course, no estoppel by election. But where the actions are in fact inconsistent, in that, to maintain both, inconsistent positions must be taken, as where one action must be maintained on the theory of an affirmance of a voidable contract, an unlawful act, or a sale of property, and the other must proceed upon the theory of a disaffirmance, the deliberate commencement of one, with full knowledge of all the facts, is a bar to the maintenance of the other. Caldwell v. Myers, 2 S. D. 506, 51 N. W. 210; Davis v. Tubbs, 7 S. D. 492, 64 N. W. 534; Mercer County St. Bank v. Hayes, 34 N. D. 601, 159 N. W. 74; Gunderson v. Havana-Clyde Min. Co., 22 N. D. 329, 133 N. W. 554; Fowler v. Bowery Sav. Bank, 113 N. Y. 450, 21 N. E. 172, 4 L. R. A. 145, 10 Am. St. Rep. 479; Crook v. First Nat. Bank of Baraboo, 83 Wis. 31, 52 N. W. 1131,

35 Am. St. Rep. 17; Crossman v. Rubber Co., 127 N. Y. 34, 27 N. E. 400, 13 L. R. A. 91; Terry v. Munger, 121 N. Y. 161, 24 N. E. 272, 8 L. R. A. 216, 18 Am. St. Rep. 803; Shonkweiler v. Harrington et al, 102 Neb. 710, 169 N. W. 258; Standard Varnish Works v. Haydock, 143 F. 318, 74 C. C. A. 456; Equitable Life Assurance Co. v. May, 82 Ga. 646, 9 S. E. 597.

When plaintiffs in the case at bar commenced their action in equity to rescind, the land had been transferred and certain mortgages given by the transferee. It may be that those mortgages cannot be defeated, by reason of the intervention of rights of innocent third parties. If that develops, then the remedy by rescission can be only partial. In adjusting the equities, the court may have to allow a money judgment against the parties for the amount of the mortgages or other damages suffered, by reason of its inability to decree a complete rescission. Swan v. Talbot, 152 Cal. 142, 94 P. 238, 17 L. R. A. (N. S.) 1066.

On the theory that these cases are proceeding as an action in tort for damages occasioned by Pfiefle's wrongdoing in inducing a transfer of the land, there is nothing inconsistent in the two actions. We are satisfied there has been no election of remedies.

We adhere to the result reached in our former opinion. No costs to be taxed in this court.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BROWN, JJ., concur.