**Van McCLAIN, Plaintiff,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY and Julius White, Robert White, David White, Gary White, Woodrow White and Robert White, Jr., All d/b/a Julius White Logging, Defendants.**

**Civ. A. No. J85–0252(L).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Feb. 3, 1986.

Richard T. Watson, Woodville, Miss., A.G. Seale, Ronald A. Seale, Baton Rouge, La., Dennis L. Horn, Horn & Payne, Jackson, Miss., for plaintiff.

James L. Carroll, Watkins & Eager, Jackson, Miss., for USF & G.

R.E. Parker, Jr., Wm. R. Lancaster, Varner Parker & Sessums, Vicksburg, Miss., for White defendants.

### MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the application of plaintiff Van McClain for

review of an order entered by the magistrate, denying plaintiff's motion to compel production of documents. Defendant United States Fidelity and Guaranty Company (U.S.F. & G.) filed timely response with memorandum brief in opposition to plaintiff's application. Upon review of the application and the file in this cause, the court raised on its own motion, pursuant to 28 U.S.C. § 1447(c),[1] the question of whether this cause was properly removed to this court. The court requested and received memoranda from the parties on the removal question, and a conference was held in chambers with all parties present. The court has reviewed the memoranda and pertinent parts of the record in considering the matter.

In 1983, plaintiff entered into a contract with defendants Julius White, Robert White, David White, Gary White, Woodrow White and Robert White, Jr., all d/b/a Julius White Logging (the Whites), whereby the Whites purchased timber located on land owned by plaintiff in Amite County, Mississippi, which involved their cutting and removing the timber from the land. The Whites are all Mississippi residents. Thereafter, plaintiff went to the area where the timber was being cut to observe the work. While plaintiff was positioned behind a skidder, a piece of equipment which is common to logging operations, apparently during a break in the work, defendant Robert White, Jr. mounted the skidder and inadvertently knocked it into either reverse gear or neutral. The skidder rolled backward over plaintiff, causing injuries which led ultimately to the amputation of his right leg.

The allegations of plaintiff's original state-court complaint, to which this court is restricted in determining removability, *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951), *Paxton v. Weaver,* 553 F.2d 936, 938 (5th Cir.1977), indicate that plaintiff did not contact an attorney concerning his injuries. On June 1, 1984, an agent for U.S.F. & G., the liability insurer of the Whites, visited plaintiff and procured a settlement and release of all claims against the Whites for an aggregate consideration of $35,-112.35. Plaintiff signed the release and it was notarized that day.

Plaintiff filed his original complaint in the Circuit Court of Amite County, Mississippi, wherein he alleged gross, reckless and wanton negligence by the Whites entitling him to both actual and punitive damages. Against U.S.F. & G., plaintiff sought both actual and punitive damages for alleged fraud, deceit and misrepresentation in procuring the release, plus rescission of the release.[2] The case was removed to this court by U.S.F. & G. In its petition for removal, U.S.F. & G. alleged that the claim against it constituted a separate and independent claim which would be removable if sued upon alone and that, therefore, removal was proper under 28 U.S.C. § 1441(c).[3] Plaintiff's subsequent motion to remand motion was denied by order of the magistrate. Plaintiff did not make application with this court for review of the magistrate's order, and the order contained no findings or conclusions indicating the basis for the ruling. Upon the representations of counsel, and from all that appears in the record, it is clear that jurisdiction was retained pursuant to the

---

1. 28 U.S.C. § 1447(c) provides:

     (c) If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case.

2. Plaintiff also asserted a products liability claim against Timberjack, Inc., the manufactur-

er of the skidder, which claim was dismissed by agreed order.

3. 28 U.S.C. § 1441(c) provides:

     (c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

"separate and independent" exception to the complete diversity requirement contained in 28 U.S.C. § 1441(c).

In *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the Supreme Court set out the definitive test for determining what constitutes separate and independent claims allowing removal under the present language of § 1441(c). The issue in *Finn* was the correct interpretation of the 1948 revision of the removal statute which added the "independent claim" requirement under § 1441(c). Noting that the addition of the "independent claim" language of the new statute emphasized a congressional intent to limit removal by requiring a "more complete disassociation" between the federally cognizable claim and the state claim, *id.* at 11–12, 71 S.Ct. at 538–39, the Court enunciated the following standard:

> [W]e conclude that where there is a *single wrong* to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).

*Id.* at 14, 71 S.Ct. at 540. (emphasis added).

In implementing and defining the parameters of the "single wrong" test, the *Finn* decision directs a court faced with a § 1441(c) removal issue to examine whether there was a "wrongful invasion of a single primary right of the plaintiff" rather than how many different legal causes of action are alleged by plaintiff. *Id.* at 13, 71 S.Ct. at 540. That is, if the plaintiff's damages come "from a single incident" or all claims involve "substantially the same facts", invasion of a single primary right is indicated. *Id.* at 16, 71 S.Ct. at 541. *See also Addison v. Gulf Coast Contracting Services, Inc.*, 744 F.2d 494, 500 (5th Cir. 1984).

Since *Finn*, the great majority of courts utilizing the "single wrong" or "interlocked series of transactions" tests have come down in favor of remand and against removal. Indeed, the "single wrong" test has been given an expansive reading. For example, in *New England Concrete Pipe v. D/C Systems*, 658 F.2d 867 (1st Cir.1981), the First Circuit, in reversing the district court's finding that a tort and contract claim joined in a single cause by plaintiff were "separate" under § 1441(c), stated:

> Although the "single wrong" rule resolves the removal question presented in this case, as it did in *Finn*, it should not be perceived as articulating an exhaustive test for applying § 1441(c). Even though an action implicates more than one wrong it may nevertheless fail to contain any separate and independent claims. What should determine the applicability of § 1441(c), however many wrongs comprise a particular suit, is whether those wrongs arise from an interlocked series of transactions, that is, whether they substantially derive from the same facts. [citations omitted]. If they do, the congressional objective to require "more complete disassociation," thus limiting the availability of removal, would not be served by accepting jurisdiction of the action.

658 F.2d at 874 n. 12.

Similarly, in *Paxton v. Weaver*, 553 F.2d 936 (5th Cir.1977), the district court retained jurisdiction under § 1441(c) based upon a finding that plaintiff's claim against the diverse defendants sounded in contract while the claims against the non-diverse or resident defendants sounded in tort. Because at that time a suit in contract and a suit in tort could not be joined in a single action under Mississippi law, the district court determined that the plaintiff had necessarily asserted separate and independent claims for § 1441(c) purposes.[4] *Id.* at 938. The Fifth Circuit reversed in a holding that consisted essentially of two parts: that plaintiff's claims against the diverse and

---

**4.** In *Paxton*, plaintiffs were Mississippi cotton farmers who charged that they had been forced through fraud and misrepresentation to enter a contract for the purchase of their cotton. They sued a Mississippi broker and its agent for tortious interference with their efforts to sell their cotton, and a Tennessee partnership to rescind the contracts entered in plaintiffs' names, and for damages. 553 F.2d at 938.

non-diverse defendants arose from the "single wrong" of the contract formation, whatever the theory of recovery, *id.* at 939; and that state procedural law of joinder of claims and parties is irrelevant to the proper construction of the removal statute. *Id.* at 940. The court stated further,

> Federal courts must apply the separate and independent test so as to carry out the intent to restrict removal ... Accordingly, numerous courts have held that the assertion of contract and tort claims does not necessarily yield separate and independent causes of action. That Mississippi procedure may not allow joinder of contract and tort claims is irrelevant where, as is true of the contract formation allegations here, the claims are based on a single wrong to the plaintiff. To make state procedural rules determinative would be to add undue confusion to a field that already luxuriates in a riotous uncertainty. [citations omitted].

*Id.* at 940–41.

The parties have not cited, and the court has not found, any cases wherein a court has addressed the removability of a suit against both a non-diverse tortfeasor for negligence and a diverse liability insurer of the tortfeasor for fraud in gaining a settlement of the underlying claim. This court is of the opinion, however, based on the clear weight of authority, that such circumstance does not meet the "separate and independent" criteria of § 1441(c). The "single wrong" suffered by the plaintiff was the alleged negligence of the Whites in operating the skidder, causing him personal injury. Also deriving from this "single wrong" was plaintiff's right to recover adequate compensation for his injury, whether it be from the tortfeasor or the tortfeasor's liability insurer. As U.S.F. & G. had no contractual relationship with, and therefore no duty, to McClain, any claim asserted against it by McClain is necessarily derivative in nature, having as its source the underlying tort liability of the insured. At the very least, the actions of U.S.F. & G. in procuring an allegedly fraudulent release were part of an "interlocked series of transactions" all tracing their origin to the

alleged negligence of the Whites. *Finn,* 341 U.S. at 14, 71 S.Ct. at 540; *New England Concrete Pipe,* 658 F.2d at 874 n. 12; *Paxton,* 553 F.2d at 940. This court is therefore of the opinion that a suit combining a claim against an alleged tortfeasor for adequate compensation for injuries with a claim against such tortfeasor's liability insurer for interfering with that right to adequate compensation is a suit to recover for a single wrong, regardless of the theories of liability asserted by plaintiff.

U.S.F. & G. seeks to distinguish *Paxton* on the ground that it involved a single *economic* wrong suffered by plaintiffs as a result of joint activity on the part of the diverse and non-diverse defendants. In the instant case, U.S.F. & G. argues, there are two distinct wrongs alleged by plaintiff: the negligence claim against the Whites to recover for personal injury, and the fraud claim against U.S.F. & G. to recover for economic loss. It is clear, however, that claims are not "separate and independent" under § 1441(c) merely because the plaintiff alleges different theories of recovery, *Lancaster Gen. Hosp. v. Emergency Health Serv. Fed.,* 534 F.Supp. 1106, 1108 (E.D.Pa.1982), or because the complaint contains separate prayers for relief. *Preas v. Phebus,* 195 F.2d 61, 63 (10th Cir.1952). Moreover, the alleged fraud was committed by an agent of U.S.F. & G. who presented himself to plaintiff as a representative of the Whites for the purpose of settling all claims arising from the accident. The court cannot agree with U.S.F. & G. that there was a "joint activity" element in *Paxton* which does not exist in this case.

U.S.F. & G. cites the court to two cases, *Hartford v. Shaw,* 273 F.2d 133 (8th Cir. 1959) and *Leppard v. Jordan's Truck Line,* 110 F.Supp. 811 (E.D.S.C.1953), which it contends support the proposition that an action against an insured and its insurer arising out of an accident is properly removable by the insurer under § 1441(c). *Hartford* dealt with § 1441(c) removal in a footnote without any substantive analysis. *Leppard* relied upon South Carolina statutory and common law, an approach now discredited by *Paxton,* 553 F.2d at 940–41. Indeed, in *American Mu-*

*tual Liability Ins. Co. v. Flintkote Co.,* 565 F.Supp. 843, 848 n. 4 (S.D.N.Y.1983), the court cited *Leppard* as one of a "pair of old—and, by now, discredited—cases which based their decision entirely on the fact that under state law the claim against the non-diverse defendant could not be legally joined with the claim against the diverse one. This is contrary to the now established proposition that state law is not determinative." [5]

U.S.F. & G.'s last argument is based upon a principle of Mississippi law which holds that no direct action against a liability insurer may be maintained by one not in privity of contract with the insurer in the absence of a prior adjudication of liability against the insured. *Cook v. State Farm Mut. Ins. Co.,* 241 Miss. 371, 128 So.2d 363 (1961); *McArthur v. Maryland Casualty Co.,* 184 Miss. 663, 186 So. 305 (1939). This indicates, U.S.F. & G. contends, that the claim against U.S.F. & G. must be regarded as "separate and independent" from that asserted against its insureds. Such argument emphasizes the derivative nature of the claim against U.S.F. & G., which traces its origin to the "single wrong" done to plaintiff by the Whites. This argument was also refuted in *Paxton,* where, when defendants sought to establish separability by relying on Mississippi rules governing joinder of claims, the court stated that it "need not decide niceties of Mississippi procedure, since although state substantive law determines the nature of the rights and liabilities asserted, construction of the removal statute is a question of federal law." 553 F.2d at 940 (citing *Grubbs v. General Electric Credit Corp.,* 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972)).

In conclusion, this court is of the opinion that arguable grounds exist for recovery by plaintiff against both the Whites and U.S.F. & G. under Mississippi law, *Paxton,* 553 F.2d at 939 n. 2; that both claims are associated with a "single wrong" to the plaintiff and are therefore not "separate and independent" claims for relief as § 1441(c) requires; and that this cause should be remanded to the Circuit Court of Amite County, Mississippi.

Accordingly, it is ordered that this cause is remanded to the Circuit Court of Amite County, Mississippi, with costs to be borne by both parties.

**5.** In *American Mutual,* 565 F.Supp. at 848 n. 4, the court undertook an exhaustive review of over 60 insurance-related cases reported since *Finn* construing the separability requirement under 1441(c). The court noted that only 11 of 64 reported cases in this area sustained the contention that a separate and independent claim had been presented, and those 11 were readily distinguishable. Thus, it is abundantly clear that the great weight of authority on this question compels the conclusion that plaintiff has not stated "separate and independent" claims against the Whites and U.S.F. & G. For other recent cases denying removal under § 1441(c), cases which utilize the analysis developed in *Finn* and *Paxton,* see *SYMS, Inc. v. IBI Sec. Service, Inc.,* 586 F.Supp. 53 (S.D.N.Y.1984); *Elsis v. Hertz Corp.,* 581 F.Supp. 604 (E.D.N.Y. 1984); *Carpenter v. Illinois Cent. Gulf R. Co.,* 524 F.Supp. 249 (M.D.La.1981). In this court's only consideration of § 1441(c) requirement in *R. Julian Allen, III, et al v. Forest Oil Corporation and Forest D. Dorn,* No. J84–0398(L) (S.D.Miss. January 30, 1985), the court remanded the action to state court, evincing its belief, based on clear precedent, that § 1441(c)'s exception to the complete diversity requirement should be construed narrowly.