Martin J. HUGHES, Plaintiff–Appellant,

v.

OHIO BELL TELEPHONE COMPANY, Defendant–Appellee.

No. 89–3635.

United States Court of Appeals, Sixth Circuit.

Argued May 4, 1990.

Decided Oct. 18, 1990.

Richard G. Ross (argued) and Marc I. Strauss, Chattman, Garfield, Friedlander & Paul, Cleveland, Ohio, for plaintiff–appellant.

Thomas A. Linton (argued) and Kevin M. Sullivan, Ohio Bell Telephone Co., Cleveland, Ohio, for defendant-appellee.

Before JONES and BOGGS, Circuit Judges, and HACKETT, District Judge.*

BOGGS, Circuit Judge.

After granting Martin J. Hughes a number of leaves of absence to engage in union management relations, Ohio Bell Telephone Company (Ohio Bell) refused to grant Hughes an additional one, and recalled him to work. Hughes sued Ohio Bell in Ohio state court, contending that Ohio Revised Code section 4113.40 provided him with a right to additional leaves of absence to engage in union management relations.

* The Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation.

Ohio Bell removed the case to federal district court, claiming that the Ohio statute did not provide Hughes such a right, and that any such right could derive only from the terms of the collective bargaining agreement. Ohio Bell thus argued that Hughes's complaint stated a federal cause of action under section 301 of the Labor–Management Relations Act (LMRA).

Hughes requested that the district court remand the case. The district court refused, finding that Hughes's right to a leave of absence was controlled by the collective bargaining agreement and that the Ohio statute did not provide employees with a right to leaves of absence. The district court eventually granted summary judgment to Ohio Bell, finding that Hughes had no right to a leave of absence under the collective bargaining agreement. Hughes now appeals the district court's refusal to remand the case.

We hold that the Ohio statute provides employees with no right to a leave of absence to engage in union management relations, and agree with the district court that such a right must be ascertained from the terms of the collective bargaining agreement. The district court thus did not err in refusing to remand the case. We also find that Hughes has abandoned review of the decision of the district court that the collective bargaining agreement does not provide him a right to a leave of absence, and thus affirm the district court's decision in its entirety.

I

On October 7, 1940, Hughes began working for Ohio Bell as a lineman and telephone installer. He continued in this position until August 1949, when he was given the first of many one-year leaves of absence by Ohio Bell to allow him to participate in union management relations. Hughes was on continuous leave of absence between August 14, 1949 and August 13, 1953. On August 13, 1953, Hughes exhausted his permissible leaves of absence with Ohio Bell, and resigned his employment, but continued his union work.

In 1976, the Ohio Legislature enacted Ohio Revised Code section 4113.40, which insured that employees, such as Hughes, who were or had been engaged in union management relations activities while on leaves of absence continued to accrue certain job benefits during such leaves. This statute reads in full:

(A) An employee in the telephone industry who is granted or has previously been granted a leave of absence for union management relations requiring the employee's absence from regular duties with the employee's employer shall have such period of absence or any continuance of such absence for union management relations beyond the expiration of the leave of absence counted by the employer as the equivalent of service performed for the employer for the purpose of determining benefits and seniority of the employee.

(B) For the purpose of determining benefits and seniority, this section shall also apply to all employees currently on leave of absence on the effective date of this section, and to all former employees who prior to the effective date of this section, had been on leave of absence for two years or more.

O.R.C. § 4113.40. On October 4, 1976, Ohio Bell rehired Hughes, who was still engaged in union management relations with the Communication Workers of America (CWA), and thereafter granted him consecutive one-year leaves of absence.

Under the collective bargaining agreement between Ohio Bell and the CWA, certain CWA members engaged in union work are given non-essential jobs, at the request of the CWA, from which they then are excused without pay. Ohio Bell may also grant leaves of absence on its own initiative. The collective bargaining agreement in force at the time provided:

**ARTICLE 5**

**Leaves of Absence for Union Work**

**Section 1.**

An employee, selected by the Union for Union work requiring the employee's absence from regular duties with the Com-

pany, shall be granted a leave of absence without pay upon written request of the Union and the employee, or upon the initiative of the Company....

\* \* \* \* \* \*

**Section 4.**

Upon the expiration of a leave of absence, the employee shall be entitled to resume employment in the same job in which such employee was engaged last prior to such leave, or in a similar job....

Under the collective bargaining agreement, "Union work" means

the work performed by an employee on behalf of the Union or as a labor representative for a governmental agency whose jurisdiction relates to labor matters.

Hughes was granted leaves of absence pursuant to the collective bargaining agreement.

Hughes left his position with the CWA in the late fall of 1987. His last leave of absence was due to expire on November 13, 1988. In the fall of 1988, Hughes requested another one-year leave of absence. In October 1988, Ohio Bell forwarded leave papers to the CWA, indicating that Hughes requested another one-year leave of absence, to run from November 14, 1988 to November 13, 1989. The CWA returned the papers unsigned, which apparently indicated that it did not wish to select him for a leave of absence pursuant to the collective bargaining agreement. Ohio Bell refused to grant Hughes a one-year leave of absence.

Hughes then requested that he be returned to work, to prevent a "break" in employment and thus protect the pension credits, life insurance benefits, and seniority he accrued while employed at Ohio Bell (which includes the time spent on his leaves of absence). He also continued to seek a leave of absence without pay to participate further in union management relations.

On November 14, 1988, Hughes returned to work. After a short period on the job, Hughes took his accumulated vacation time. During this vacation time, he unsuc-cessfully continued to seek a leave of absence from Ohio Bell to continue his union management relations work.

On March 6, 1989, Hughes exhausted his vacation time for 1989. He was ordered to report to work on March 7 or face disciplinary action. Hughes believed that he would be fired upon his return to work. Thus, on March 6, 1989, Hughes filed a complaint in Cuyahoga County Common Pleas Court, requesting declaratory relief to determine his rights under O.R.C. § 4113.40 and injunctive relief to protect these rights.

Much of Hughes's complaint is vague, with references to the protection of his rights "to receive the benefits protected by Ohio Revised Code Section 4113.40" and the collective bargaining agreement. Count I of the complaint states, in part:

8. The Defendant has threatened to take action which would jeopardize the Plaintiff's right to receive the benefits protected by Ohio Revised Code Section 4113.40.

9. The Plaintiff is entitled to a declaration that the Plaintiff is, and remains, eligible to receive the benefits provided by the [collective bargaining] Agreement and Ohio Revised Code Section 4113.40.

10. The Plaintiff is entitled to an injunction prohibiting the Defendant from taking any action which would jeopardize the Plaintiff's right to receive the benefits protected by Ohio Revised Code Section 4113.40.

Count III states, in part:

16. The Defendant, in anticipatory repudiation of the job security provisions of the Agreement, has threatened to take action which would jeopardize the Plaintiff's continued employment and consequently the benefits protected by Ohio Revised Code Section 4113.40.

Despite these vague references, the gist of the complaint is clear: Hughes contends that the Ohio statute requires Ohio Bell to grant him an additional leave, or leaves, of absence, and allow him to accrue certain benefits while on such leaves:

14. The Plaintiff has no adequate remedy at law and will suffer irreparable harm and injury unless the Defendant is

enjoined from taking any action *which would terminate the Plaintiff's leave of absence and jeopardize the Plaintiff's right to receive the benefits protected by Ohio Revised Code Section 4113.40.* (emphasis added). The rights asserted in the complaint, then, are a right to additional leaves of absence, and a right to accrue certain benefits while on such leaves.

On March 7, Ohio Bell filed a petition for removal of the case to the United States District Court for the Northern District of Ohio, contending that Hughes's claim was predicated upon a breach of the collective bargaining agreement between Ohio Bell and the CWA, and was thus properly in federal court under section 301 of the LMRA.

On March 14, 1989, despite Ohio Bell's petition for removal, Hughes filed an amended complaint in common pleas court, deleting Count III of the original complaint, and thus the reference to "the job security provisions of the Agreement." He asserted that his claim rested entirely on Ohio law; his references to the collective bargaining agreement in Count III merely indicated what benefits were at jeopardy, but in no respect asserted a cause of action arising from breach of that agreement. On March 16, Hughes filed an amended complaint in the district court identical to the amended complaint filed two days earlier in common pleas court.

On March 21, the district court ordered Ohio Bell to "retain Martin Hughes as a full-time employee on unsalaried leave of absence, with full employment benefits to continue uninterrupted, pending this Court's consideration of the within action." On March 24, Hughes requested that the case be remanded to common pleas court.

On April 13, 1989, the district court denied Hughes's motion for remand, contending that it had to investigate the basis for and conditions governing leaves of absence under the collective bargaining agreement. Specifically, the court noted that O.R.C. § 4113.40 only protected benefits that accrued on an authorized leave of absence; the statutory provision did not provide a basis for determining under what conditions Ohio Bell must grant such a leave.

On April 17, Ohio Bell moved for partial summary judgment on Hughes's amended complaint. Ohio Bell contended that, under the terms of the collective bargaining agreement, Hughes was not entitled to a leave of absence after he left his position with the CWA. On June 29, 1989, the district court granted Ohio Bell's motion. The district court dissolved the March 21 preliminary injunction, and Hughes appealed.

## II

Hughes appeals only the district court's refusal to remand his case to common pleas court. Hughes argued in district court that his action was predicated solely on a violation of O.R.C. § 4113.40, which he contended provides him with a right to a leave of absence.

After Ohio Bell filed a petition for removal, the district court had a duty to determine whether, on the basis of Hughes's state court complaint, Hughes had an arguable ground for recovery under state law, or whether his claim was governed by federal law. As the Ninth Circuit has stated:

> [T]he court is not bound to consider only the facts pleaded in the complaint but may look elsewhere to ascertain facts that would appear in a "well pleaded" complaint. If on those facts it is apparent that the plaintiff can only proceed under federal law, the complaint is properly removable.

*Olguin v. Inspiration Consol. Copper Co.,* 740 F.2d 1468, 1473 (9th Cir.1984). The Fifth Circuit has also stated that "[w]e only need to decide whether, under a liberal review of [state] law or what it might be, arguable grounds exist for recovery under appellants' theories." *Paxton v. Weaver,* 553 F.2d 936, 939 n. 2 (5th Cir.1977).

### A

■ The district court examined the language of O.R.C. § 4113.40 and determined that it did not provide employees with a right to a leave of absence. The district court noted that:

> The plain language of ORC § 4113.40 does not create a right to take or contin-

ue a leave of absence "for union management relations." It merely requires that benefits and seniority rights, the basis for which must lie elsewhere, continue to accrue during such a leave or "any continuance of such absence ... beyond the expiration of the leave." It is evident that, to interpret Hughes' rights under ORC § 4113.40, the Court must inquire into the basis for, and any conditions governing, these leaves of absence and "any continuance[s]" thereof.

The district court found that any right to a leave of absence arose from the terms of the collective bargaining agreement, and thus found that it had jurisdiction under section 301 of the LMRA. We agree with the district court's analysis of O.R.C. § 4113.40, and find no right to a leave of absence in the statute independent of the terms of the collective bargaining agreement.

### B

At oral argument, Hughes argued that the unreported district court case of *Ohio Bell v. Carr*, No. C76–1065 (N.D.Ohio Nov. 26, 1979), which involved, among other parties, Hughes and Ohio Bell, held that O.R.C. § 4113.40 provides employees engaged in union management activities the right to continued leaves of absence. Thus, he contended, Ohio Bell was collaterally estopped from claiming in the instant case that the statute does not provide employees with such a right. We disagree with Hughes's reading of the *Carr* case.

We find nothing in the *Carr* opinion holding that O.R.C. § 4113.40 gives employees a right to leaves of absence independent of any rights they may have to such leaves under a collective bargaining agreement. The collective bargaining agreement at issue in *Carr* provided that "[t]he total period of the leaves of absence granted to any employee pursuant to this Article, whether such period is continuous or intermittent, shall not exceed nine years...." *Ohio Bell v. Carr*, No. C76–1065, slip op. at 5 (N.D.Ohio Nov. 26, 1979) (citing the collective bargaining agreement).

In discussing O.R.C. § 4113.40, in light of this collective bargaining agreement, District Judge Green explained:

[T]he Ohio Act would have no impact until after the accumulation of nine years of leaves of absence, at which time the individual concerned would have *one of two options—to return to work with no further leaves or to cease employment with plaintiff.* If the employment was continued, the Act would provide no benefit [sic] beyond those granted under the collective bargaining agreement. If the employment was terminated the Act's impact would be upon the individual's status as a retiree.

*Carr*, slip op. at 8 (emphasis added). There is no mention of the third option that Hughes urges upon this court: that an employee may simply insist on additional leaves of absence by force of the Ohio statute. Indeed, the court suggested that an employee is bound by the provision *of the collective bargaining agreement* which states that a single employee may receive only nine years of leaves of absence.

Judge Green clearly stated:

The Act simply makes it possible for a limited number of telephone company employees and/or former employees to be credited with periods of time towards pension benefits which they might not otherwise accrue.

*Carr*, slip op. at 33. The court did not indicate that the Act does any more than this. Given this holding in the *Carr* case, Ohio Bell was in no respect estopped from claiming that the Ohio statute does not provide Hughes a right to a leave of absence.

Hughes made this collateral estoppel argument for the first time at oral argument. Ohio Bell has made a number of equitable and procedural arguments as to why Hughes should not be allowed to assert collateral estoppel for the first time at oral argument. However, in light of our holding that *Ohio Bell v. Carr* does not collaterally estop Ohio Bell, we need not address these arguments.

### III

On appeal, Hughes contends that the district court erred in refusing to remand his

case to state court. He contends that his complaint involves only a state law issue, namely interpretation and application of O.R.C. § 4113.40, and no federal claims, despite his reference to rights protected under the collective bargaining agreement. Accordingly, his action should not have been removed to federal court, and should be remanded to state court. In support of this proposition, Hughes cites *Owens Corning Fiberglass Corp. v. Brandt Construction Co.*, 826 F.2d 643 (7th Cir.1987).

We find Hughes's appeal to *Brandt Construction* unpersuasive. The complaint in that case mentioned violation of a federal statute along with state claims, and in this respect bears some resemblance to Hughes's reliance on both the collective bargaining agreement (and thus section 301) and O.R.C. § 4113.40. The resemblance, however, ends there.

The Seventh Circuit found that none of the causes of action asserted in the complaint actually arose under the federal statute. *Brandt Construction*, 826 F.2d at 646. Thus, that court found that the case should not have been removed to federal court because only state causes of actions were at issue. As we have discussed in section II of this opinion, however, interpretation of the collective bargaining agreement is necessary in this case. Thus, Hughes's claims do arise under section 301 of the LMRA, and were properly before the district court.

Hughes contends that, even if the district court had jurisdiction under section 301, it would merely be concurrent jurisdiction with the common pleas court; thus, the case was improperly removed to federal court. Hughes argues that suits involving interpretation of a collective bargaining agreement may be brought in federal court, but likewise may be brought in state court, citing *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962).

We find, however, that the district court may not remand a case over which it properly has jurisdiction, even if that case had been removed from state court. *See Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). In this case, the district court properly had jurisdiction under section 301 of the LMRA. *Charles Dowd Box* imposes no bar to removal of even section 301 actions properly brought in state court.

Along the same lines, Hughes contends that *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), allows the district court to remand the case. We disagree. *Cohill* simply gives the district court discretion to remand a case if the federal claim is dismissed and only the pendent state claims remain. *Cohill*, 484 U.S. at 357, 108 S.Ct. at 622. In this case, the federal claim is alive. Accordingly, we find no merit in Hughes's argument that the district court improperly refused to remand the case to common pleas court. Thus, we uphold the district court's refusal to remand the case.[1]

---

**1.** Hughes has not appealed the district court's determination of his case on the merits, but only the propriety of the district court's exercise of jurisdiction. Accordingly, we find that Hughes has abandoned review of the district court's decision that he was not entitled to a leave of absence under the terms of the collective bargaining agreement. *See McMurphy v. City of Flushing*, 802 F.2d 191, 198–99 (6th Cir. 1986).